<em>Concord<br>v.<br>McIntire et a.</em>

on the part of the defendants, and that, when the evidence on the part of the plaintiffs was closed, the defendants objected generally, that the evidence offered by the plaintiffs was not sufficient. This objection, so far as respected the copy, came too late. If the defendants intended to object to the copy, they should have done it when the copy was offered, and have given the plaintiffs an opportunity to produce the original, or show its loss, and not having done this, they must be considered as having waived the objection. 1 Pickering, 418, *Callender* v. *Marsh*.

It is also said, that the evidence was insufficient, because trespass could not be maintained, without showing an entry under the charter; the grant not placing the grantees in the actual possession, without which trespass does not lie. But the law has long been settled to be otherwise in this state, and this objection must be overruled.

<em>Judgment on the verdict.</em>

---

## The State *versus* David E. Ward.

The passing of a counterfeited bank bill, purporting to be a bill of a bank established within the United States, is not a passing of a counterfeit promissory note, within the meaning of the eighteenth section of the statute of January 2, 1828, entitled, an act for the punishment of certain crimes by solitary imprisonment and confinement to hard labor.

This was an indictment, and the offence was alleged as follows. The jurors for the state of New Hampshire on their oath present, that David E. Ward, on the 20th December, 1832, at Peeling, with force and arms, felo-

niously did utter and publish as true, to one S. L. a certain false, forged, and counterfeit promissory note, for the payment of money, which said false, forged, and counterfeited promissory note is as follows, that is to say—

The president, directors and company, of the Oriental Bank, promise to pay Samuel B. Dyer, or bearer, on demand, two dollars.

Boston, 10th April, 1832.

M. WHITING, *Cash.*                  B. P. PICKMAN, *Pres.*

With intent to deceive and defraud him the said Samuel Long, he, the said Ward, at the time well knowing the same to be false, forged, and counterfeit, contrary to the form of the statute, &c.

The respondent was tried at November term of the Common Pleas, 1833, when the state produced the bank bill described in the indictment.

*Bartlett*, for the respondent, objected, that as the charge in the indictment was for passing a counterfeit promissory note, the charge could not be proved by evidence showing that he passed a counterfeit bank bill. But the court overruled the objection, and it being proved that he passed the counterfeit bank bill described in the indictment, he was convicted. The counsel for the respondent then moved for a new trial, on the ground that the conviction was wrong, and the case was reserved for the determination of this court, and was accordingly transferred.

*Nelson*, for the State.

RICHARDSON, C. J., delivered the opinion of the court.

The prisoner at the bar claims a new trial in this case, on the ground, that the conviction is wrong, because he was convicted upon proof that he passed a counterfeited bank bill, whereas, the charge laid in the indictment is, the passing of a counterfeited promissory note.

It is well settled, that for certain purposes a bank bill may be considered as a promissory note.

And in order to understand the real nature and force of the objection upon which the prisoner relies, it is necessary to recur to the provisions of the statute relating to the uttering and passing of bank bills and promissory notes.

The fifteenth section of the statute enacts, that if any person shall utter and publish, as true, any counterfeited bank bill, purporting to be a bill issued by a bank established in any place within the United States, he shall be punished by solitary imprisonment not exceeding six months, and by confinement to hard labor for a term not less than two, nor more than five years.

And the eighteenth section of the statute enacts, that, if any person shall utter and publish, as true, any counterfeited promissory note, he shall be punished by solitary imprisonment not exceeding six months, and by confinement to hard labor for a term not less than three, nor more than seven years.

Now, as the forged instrument is laid in this indictment as a promissory note, if the prosecution can be sustained at all, it must be upon the eighteenth section of the statute. For, although the bill is set forth in the indictment, and appears to be in the form of a bank bill, yet, still, as it is not laid as a bank bill, in the indictment, it is very certain that the prosecution cannot be sustained upon the fifteenth section of the statute. 3 Chitty's C. L., 1040—1042; 2 East's C. L., 980—985; 3 Chitty's C. L., 1048.

And the objection to the conviction is, that the fifteenth section of the statute, having expressly prescribed the punishment for passing counterfeited bills, purporting to be bills of banks established within the United States, such bills cannot be considered as promissory notes within the meaning of the eighteenth section, by which a different punishment is prescribed, so that, in fact, as the

prisoner contends, there was no evidence in this case that he had committed the crime laid in this indictment.

We do not see any answer that can be given to this objection, and are of opinion that it must prevail.

If the punishment for passing counterfeit bank bills were the same as for passing counterfeited promissory notes, the passing of a counterfeited bank bill might well enough be laid, in the indictment, as a passing of a counterfeited promissory note. And such is the practise in England, where the passing of counterfeited bank bills, and the passing of counterfeited promissory notes are both capital felonies. 3 Chitty's C. L., 1025—1032 and 1048 ; 2 East's C. L., 876 ; Douglas, 287, *The King* v. *Jones* ; 2 Taunton, 334, *The King* v. *Holden* ; 1 New. R. 96, *The King* v. *Palmer*.

And, in Massachusetts, the passing of counterfeited bank bills, purporting to be bills of banks not established within the commonwealth, may be laid in an indictment as a passing of counterfeited promissory notes, their statute, which prescribes the punishment for passing a counterfeited bank bill, not extending to such bills. 2 Pickering, 47, *Commonwealth* v. *Carey*.

But we find no adjudged cases that can give any countenance to the conviction in this case.

*New trial granted.*