## The State vs. Hayden.

Upon the trial of an indictment under § 4 and 5, *ch.* 216, *R. S.*, for counterfeiting or passing a bank bill, purporting to be issued by any bank, it is not necessary to prove the existence of the bank.

The first count in an indictment charged the prisoner with passing as true a counterfeited promissory note, and described the note, which purported to be issued by the Globe Bank, of New-York.—*Held,* that this was an indictment under the 2d section of *ch.* 216, *R. S.*, for passing a counterfeited promissory note, and was not an indictment under the 5th section for passing a counterfeit bank bill; that the two offences subjected the offender to different punishments, and were distinct; and that the evidence did not prove the offence laid in the first count.

The second count charged the prisoner with passing as true a counterfeit writing, purporting to contain evidence of the existence of a debt, &c., describing the writing, which purported to be a bill issued by the Globe Bank, of New-York. —*Held,* that the indictment was founded upon the first section, whereas it should have been under the 5th section of *ch.* 216; that the two sections provided different punishments, and the offences mentioned in them were distinct; and that the evidence did not prove the offence laid in the second count.

Indictment. The first count alleged that the prisoner did pass to one William B. Robinson, and did use as true, a certain false, forged and counterfeited promissory note for the payment of money, (describing the note, which purported to be issued by the Globe Bank, of New-York,) knowing the same to be false, &c.

The second count alleged that the prisoner did pass to one William M. Robinson, and did use as true, a certain false, forged and counterfeited writing purporting to contain evidence of the existence of a debt, contract and promise, (describing the writing, which purported to be a bill issued by the Globe Bank of New-York,) with intent to defraud the said Robinson, the prisoner knowing the same to be false, &c.

Upon the trial, George Manent, a witness for the State, testified that he had been a broker for many years; that a part of his business had been to buy bills issued by banks in other States; that he was familiar with the bills issued by the banks in the State of New-York; that he had seen a great many bills similar to that shown him, which was the bill described in the indictment, and that there was not, and never had been, any such bank as that by which the bill purported to have been issued.

It was contended for the prisoner, that there was no competent evidence to prove that the bill described in the indictment was not issued by a bank doing business in the State of New-York, and that the act charged was not an offence against any statute of this State. The objections were overruled, and the prisoner was found guilty, and his counsel moved for a new trial.

*Marston*, for the prisoner. This indictment is founded on the first and second sections of ch. 216, R. S. Manent's evidence was incompetent to prove that there was no such bank as the Globe Bank.

This is not such a falsely made and counterfeited bill as is intended by the act. The words " falsely made," are synonymous with " counterfeited," and *counterfeited* means something in the similitude of a genuine instrument.

*French*, County Solicitor, for the State. The word *made* is not used in the second section. " Counterfeited" means falsely *made*, as well as imitated. It is not necessary that the writing should be like any thing that exists. The words *forged* and *counterfeited* are used as synonymous, and the technical meaning is in the law the same. The word " counterfeit" means something made in imitation of another thing, something forged. See *Johns. Dict.*, *East P. C.* 852. To *forge*, originally meant nothing more than to make or form, but in law it is always used in a bad sense. In an indictment, either the word forged or the word counterfeited will be sufficient, but a counterfeit need not be an exact imitation. *The State* vs. *Carr*, 5 *N. H. Rep.* 372. The offence may be complete, even if the bank has never issued bills of the denomination specified. Forgery is the falsely making a note with intent to defraud. 2 *East Cr. L.* 949, 965. It has never been held that forgery could not be committed without an imitation of something that existed. However, this is well alleged and proved as an offence at common law. 2 *East Cr. L.* 845. It is not necessary that the name forged should be that of an actually existing person. *Fitzgerald* vs. *Lee*, 2 *East Cr. L.* 953. It is clear that the making an instrument in the name of a non-existing

State v. Hayden.

person is as much a forgery as if the person had actually lived. 2 *East Cr. L.* 957. The falsity of the instrument, and the intention to defraud, are the substantial matters. 2 *East Cr. L.* 963, 965. In order to rebut the charge of forgery, the consent of the person whose name is alleged to be forged, must be shown, and whether the consent cannot be given, or whether it is not given, is immaterial.

The fifth section punishes a person who shall pass a counterfeited bank bill. Is this a bank bill within the fifth section? The case of the *State* vs. *Ward*, 6 *N. H. Rep.* 529, decides that passing a note is not evidence of a passing a bank bill. If an indictment would lie on the fifth section, it could not be maintained under the first section. There must be a bill purporting to be issued by an actually existing bank. Taking the fifth and seventh sections together, they seem to imply a case where there is a bank, and therefore it would seem that this offence could not be indicted under the fifth section.

We suppose that the fourth and fifth sections of ch. 216 were intended only as a reënactment of sections fourteen and fifteen, *page* 139, *N. H. Laws*, (*Ed. of* 1830,) which provide that if any person shall make, &c., any bill in imitation of a bank bill, issued by any corporation, now *or hereafter lawfully established as a bank*, &c., he shall be punished, &c.

As to the competency of the evidence to prove that no such bank existed, see *The State* vs. *Carr*, 5 *N. H. Rep.* 372; *Commonwealth* vs. *Carey*, 2 *Pick.* 47; 3 *Ch. Cr. L.* 1040. What better evidence exists? The secretary of the State of New-York could not be compelled to attend here; his deposition could not be used, nor would his certificate of what did *not* appear of record, be competent.

Farther, upon the first point, it is enough to allege that the prisoner forged *or* counterfeited. 2 *East Cr. L.* 985.

GILCHRIST, J. The first count in the indictment is founded on § 2, ch. 216, R. S. which prescribes the punishment for passing or using any counterfeited promissory note. But the case of the *State* vs. *Ward*, 6 *N. H. Rep.* 529, is an authority against

sustaining the indictment on this count. In that case, the forged instrument was laid in the indictment as a promissory note, but it appeared to be in the form of a bank bill. The fifteenth section of the statute under which the indictment was found, provided that publishing as true a counterfeited bank bill, should be punished by confinement to hard labor for a term not less than two nor more than five years. The eighteenth section enacted that publishing as true any counterfeited promissory note, should be punished by confinement to hard labor for a term not less than three nor more than seven years. The court held that the objection to the conviction was, that the statute having provided a punishment for passing counterfeited bank bills different from that for passing counterfeited promissory notes, there was no evidence that the prisoner had committed the crime laid in the indictment. The same objection exists here. The first count charges the prisoner with passing a counterfeited promissory note. It is set out in the indictment, and is in form a bank bill. The two offences, of passing a counterfeited bank bill, and of passing a counterfeited promissory note, subject the offender, by the second and fifth sections of ch. 216, to different penalties, and upon this count we think the indictment cannot be sustained.

By the second count in the indictment the prisoner is charged with passing and using as true, a false, forged and counterfeited writing, purporting to contain evidence of a debt, contract and promise, and the writing is described as issued by the Globe Bank, of New-York. This count is founded upon § 1, ch. 216, R. S., which imposes a penalty for falsely making, &c., any writing purporting to contain evidence of the existence of any debt, &c. The fourth section provides for the punishment of any person who shall falsely make or counterfeit any bank bill, or note purporting to be issued by any bank. If the offence be included in the provision of the fourth section, the prisoner cannot be punished for an offence under the first section; for the act considers the offences as distinct, and imposes upon them different punishments.

The penalty imposed by the first section is confinement to hard labor for a term not less than three nor more than seven

years, while the penalty inflicted by the fourth section is confinement for a period extending from five years to twenty years. Now this instrument clearly purported to be a bill issued by a bank. We cannot infer, from the fourth and fifth sections of this chapter, that there must have been a bank actually in existence, in order that the offence might have been committed, for the statute specifies a bill *purporting* to be issued by any bank.

The revised statutes of New-York provided for the punishment of any person who should have in his possession any counterfeit bill, &c., " issued or purporting to be issued by any corporation or company," &c. It was held that the statute did not require the existence of a corporation from which the counterfeit bill purported to have been issued, in order to bring a case within it, and that it was sufficient if the bill purported on its face to have been issued by an authorized company, the word *purporting* being intended to qualify the whole of the succeeding clause. *The People* vs. *Davis,* 21 *Wend.* 309. To the same effect is the decision in the case of the *People* vs. *Peabody,* 25 *Wend.* 472. Reason is also in favor of such a view of the law. The public and individuals may be defrauded, as well by notes purporting to be issued by a bank which does not really exist, as by the bills of an incorporated institution; and there is as much reason for legislation in one case as in the other. We are of opinion that there is no evidence of the commission of the offence charged, and that there should be a new trial. The indictment should have been under the fourth and fifth sections of ch. 216. But it is founded on the provisions of the first and second sections, and cannot be maintained.

*Verdict set aside.*